UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON ROBERT CRAIG,  )  <br>  ) <br> Plaintiff  ) <br>  ) <br> vs.  ) <br>  ) <br> RON KURMIS, *et al.*  ) <br>  ) <br> Defendants  ) | CAUSE NO. 3:05-CV-643 RM |

OPINION AND ORDER

Jason Robert Craig, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

>entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Craig alleges that he has been denied medical treatment both when he was a pre-trial detainee and after he was convicted and serving a sentence. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373. Mr. Craig alleges that he arrived at the jail with six medications for asthma, sciatica,

2

and psychiatric conditions. Giving Mr. Craig the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, these allegations constitute serious medical needs.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Mr. Craig alleges that he arrived at the jail on August 24, 2005. Mr. Craig acknowledges upon his entry to the jail, his medications were held by a doctor's order. The attachments to his complaint also note that the medical staff were waiting to receive and review his medical records before dispensing medications to him. He states that he was given his inhaler on September 8. He says he was seen by a doctor on September 13, but that he wasn't prescribed the medications he had been taking prior to entering the jail. He states that he was given Wellbrutrin on October 13. Mr. Craig says he filed numerous requests and that a nurse responded with information about what one or more doctors were doing (or had done) about his medical care.

Mr. Craig disagreed with the medical care he received at the jail and continually sought to receive the same medical care and medications he had been receiving before he entered the jail; but "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). Mr. Craig is a prisoner who appears to suffer from several chronic conditions which have been addressed differently by the jail medical staff than they had been previously. This does not state a claim even if his current treatment is less effective or less comfortable. Perhaps his medical treatment at the jail was wrong (the court has no basis to say one way or another), but even malpractice does not constitute deliberate indifference, which requires the total disregard for a prisoner's safety: the functional equivalent of wanting harm to come to the prisoner. The Eighth

4

Amendment does not require medical success nor even reasonable treatment, it merely prohibits wanting harm to come to a prisoner. Though his treatment may have been substandard, unreasonable, negligent, or even an act of medical malpractice, the facts alleged by Mr. Craig do not state a federal constitutional claim.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: November 28 , 2005

                                        /s/ Robert L. Miller, Jr.
                                       Chief Judge
                                       United States District Court